Harvey L. and Nita L. Hopkins v. Commissioner.
Hopkins v. Commissioner
Docket No. 4594-66.
United States Tax Court
T.C. Memo 1968-282; 1968 Tax Ct. Memo LEXIS 16; 27 T.C.M. (CCH) 1509; T.C.M. (RIA) 68282; December 5, 1968, Filed *16 Held: Petitioners did not contribute more than one-half of support for four minor children during the year in issue, and therefore are not entitled to claimed deductions for personal dependency exemptions. Secs. 151(a), 151(e), and 152(a), I.R.C. 1954. Harvey L. Hopkins, pro se, 3548 Everglades *17 Rd., Lake Park, Fla. J. Patrick McElroy, for the respondent. HOYT
Memorandum Findings of Fact and Opinion HOYT, Judge: Respondent determined a deficiency in petitioners' income tax for 1964 in the amount of $534.36. Because of a credit of $150.90 under section 31 of the 1954 Code for taxes withheld on wages in excess of the tax liability shown on the return, the statutory notice reflects a net deficiency in payment of $383.46. The parties agreed at trial that this is the correct net deficiency in payment. The sole question presented for our decision is whether petitioner Harvey L. Hopkins furnished more than one-half of the support for his four minor children of a prior marriage in 1964 so as to entitle petitioners to dependency exemptions for those children as claimed in his 1964 return. Findings of Fact Those facts which have been stipulated are so found and incorporated herein by this reference. Petitioners are husband and wife and were residing in Lake Park, Florida, at the time the petition herein was filed. Their joint Federal income tax return for the year 1964 was filed with the district director of internal revenue at Cincinnati, Ohio. Nita L. Hopkins *18 is a petitioner herein solely by reason of having filed a joint return with her husband for the year 1964. Harvey L. Hopkins will hereinafter be referred to as petitioner or Harvey. Petitioner was formerly married to Lorraine Hopkins Koester. The marriage ended in divorce in 1960. Four children had been born of that marriage. The children's names are Stephen, Michael, John and Janet. Custody of the children was awarded to their mother, Lorraine Hopkins Koester, and they have been in her custody since the divorce. During the year 1964, Lorraine and the children resided with her parents at Newport, Kentucky. On October 25, 1963, Harvey married Nita L. Hopkins. On their joint income tax return for 1964, they claimed dependency deductions for personal exemptions for each of the four children of petitioner's former marriage. During the year 1964, petitioner contributed $30 per week to the support of his four children, or a total of $1,560 for the entire year. Petitioner also gave his children various gifts during the year. The total expended on those gifts was approximately $107. His total contribution for child support for four children in 1964 was therefore $1,667, or $416.75 for *19 each child. In August of 1963 petitioner had offered to increase the payments from $30 to $40 per week, but his former wife rejected the offer. She similarly refused to allow him to satisfy any medical or dental expenses which the children might incur. He made no increased payments beyond those found in 1964. Both Lorraine and her parents contributed to the support of the children in 1964, in addition to petitioner's weekly contributions. The amount of these contributions is unknown. Respondent determined a statutory deficiency of $534.36 against petitioner as a 1510 result of his disallowance of claimed dependency exemptions for Harvey's four children. Opinion The question presented is whether petitioners are entitled to deductions for personal exemptions in 1964 under sections 151(a) and (e)(1).[1] Section 152(a) defines the term dependent as a son or daughter of the taxpayer over half of whose support was received from the taxpayer. The burden of proof is on the petitioners to prove not only their own expenditures in support of each child, but also that those amounts exceeded one-half of the total support provided. ; *20 . Although petitioners need not conclusively prove the exact or precise total amount expended for the children's support, they must provide us with convincing evidence that the amount they provided exceeded one-half of that support. . Petitioners have made no attempt to provide us with even an approximate figure representing the total amount expended by all parties for the support of the children during 1964. Without such a figure, it is impossible for us to find that petitioners' contribution exceeded the statutorily imposed level of one-half of the total support. Petitioners have proven that their weekly contributions totaled $1,560 in 1964, and that gifts given to the children by them in that year totaled slightly over $100. However, no evidence has been introduced which tends to establish either a total support figure, or that petitioners' contributions exceeded the necessary one-half level. We realize that the burden upon petitioner is a heavy one. This Court has recognized that in cases such as this, *21 petitioners need not prove the exact or precise total amount of support, but instead only need introduce convincing evidence that their own contribution exceeded the necessary one-half level. Petitioners, however, have failed to show us by any evidence at all what the total support for the children was or that their contributions approached the one-half level. Respondent's determination is presumptively correct. Absent any showing by petitioners that they complied with the support test of section 152, we must hold that they have failed to carry their burden of proof. Respondent's determination must therefore be sustained. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954.↩